IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-22,937-20






EX PARTE CLEMMIE RAY WICKWARE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. 20,124 IN THE 12TH JUDICIAL COURT

FROM WALKER COUNTY




 Per curiam.


 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court in accord with Tex. Code Crim. Proc. art 11.07. Applicant
was convicted of aggravated assault, and punishment was assessed at confinement for 50
years. Applicant's conviction was affirmed on appeal. Wickware v. State, No. 01-00-00729-CR (Tex. App. -- Houston [1st], delivered March 7, 2002, pet. ref'd).

 Applicant contends he received ineffective assistance of counsel for numerous
reasons, in particular because counsel failed to object to Applicant being tried in restraints
and having his mouth duct-taped. He also states counsel failed to object to the presence of
uniformed officers sitting at counsel table which prevented Applicant from communicating
with counsel during the trial, and that uniformed officers escorted him to the witness stand
and stood next to him while he testified. He also alleges that counsel failed to investigate and
failed to object to the use of a videotape at trial, apparently of the commission of the offense,
that Applicant alleges was altered. 

 In response to our initial remand order, the trial court entered numerous findings of
fact, but none directly addressed the Applicant's complaints regarding ineffective assistance
of counsel as set out by this Court. Also, the trial court failed to failed to make findings of
fact, as directed by this Court, regarding why the Applicant was restrained at trial, and why
it was necessary to have uniformed officers present at counsel table and at the witness stand.
The Applicant has stated facts requiring resolution. Because this Court cannot hear evidence,
it is necessary for the matter to be remanded to the trial court for resolution. The trial court
shall resolve the factual issues as set out in Tex. Code Crim. Proc. art 11.07, § 3 (d), by
ordering an affidavit from trial counsel, or it may hold a hearing at which counsel may
present live testimony. The trial court shall also make findings of fact regarding why the
Applicant was ordered bound and gagged in the courtroom. 

 If the trial court holds a hearing, the court shall first decide whether Applicant is
indigent. If the court finds Applicant is indigent and Applicant desires to be represented by
counsel, the trial court will then, pursuant to Tex. Code Crim. Proc. art. 26.04, appoint an
attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
concerning why Applicant was restrained at trial. The court shall also make findings
regarding why officers were present at counsel table and at the witness stand. Finally, the
trial court should make findings regarding whether counsel rendered effective assistance at
trial. The trial court shall also make any further findings of fact and conclusions of law it
deems relevant and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex.Crim.App. 1960), this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. The
trial court shall resolve the issues presented within 30 days of the date of this order. A
supplemental transcript containing all affidavits, the transcription of the court reporter's notes
from any interrogatories or hearings held, along with the trial court's findings of fact and
conclusions of law, shall be returned to this Court within 45 days of the date of this order.

 No continuances shall be granted.


 IT IS SO ORDERED THIS THE 13th day of September, 2006.





DO NOT PUBLISH